UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DELENE STERN, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 08-213-P-S |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| *Defendant* | ) | |

### *REPORT AND RECOMMENDED DECISION[1]*

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge erred in relying exclusively on the medical-vocational guidelines set forth in Appendix 2 to Subpart P, 20 C.F.R. Part 404, to support his conclusion that the plaintiff was not disabled under the terms of the Social Security Act. I recommend that the commissioner's decision be vacated.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff was insured for purposes of SSD benefits only through December 31, 1996, Finding 1, Record at 17; that, through the date last insured, she suffered from asthma, seasonal allergies, right shoulder pain, status post surgery,

---

[1] This case is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 20, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

and arthralgias and myalgias, impairments that were severe but which did not, considered singly or in combination, meet or medically equal the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the "Listings"), Findings 3-4, *id*. at 17-18; that, through the date last insured, the plaintiff had the residual functional capacity to perform light work, except that she could never climb ladders, ropes, or scaffolds and could perform no overhead work with her upper extremities, Finding 5, *id*. at 18; that, given her lack of past relevant work, age (45 on the date last insured), high school education, and residual functional capacity, there were jobs existing in significant numbers in the national economy that the plaintiff could have performed at the relevant time, Findings 6-8 & 10, *id*. at 20; and that she therefore was not under a disability as that term is defined in the Social Security Act at any time from the alleged date of onset, December 31, 1994, through the date last insured, December 31, 1996, Finding 11, *id*. at 21. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final decision of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R.

§ 404.1520(g)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The sole issue raised by the plaintiff concerns the administrative law judge's use of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid"), at Step 5 of the sequential evaluation process. The administrative law judge stated that he used the Grid as a framework for his decision-making, finding that the non-exertional limitations he assigned to the plaintiff "had little or no effect on the occupational base of unskilled light work." Record at 21. He added that "light work does not require frequent overhead reaching or significant climbing." *Id*. He did not call a vocational expert to testify at the hearing. *Id*. at 24-43.

When the Grid is used as a framework for decision-making, there is an implication that the impact of the noted non-exertional impairments is more than slight, because the Grid is to be used directly only when such an impact is not significant. *See Rose v. Shalala*, 34 F.3d 13, 19 (1st Cir. 1994). However, when the Grid is used as a framework, the administrative law judge must either consult a vocational expert, *Burgos Lopez v. Secretary of Health & Human Servs.*, 747 F.2d 37, 42 (1st Cir. 1984), or demonstrate ample support in the record for the proposition that the significant non-exertional impairment at issue only marginally reduces the applicable occupational base, *Ortiz v. Secretary of Health & Human Servs.*, 890 F.2d 520, 524-26 (1st Cir. 1989). No vocational expert testified at the hearing in this case. I see little or no evidence in the record of this case, and specifically in the administrative law judge's opinion, to suggest that he in fact used the Grid only as a framework for decision-making. *See generally Brown v.*

3

*Barnhart*, 2006 WL 3519308 (D. Me. Dec. 6, 2006), at *4 (although administrative law judge's opinion stated she used Grid as framework, she must have relied solely on Grid in case where no vocational expert was present at hearing).  Here, the administrative law judge made it clear in his opinion that he found the non-exertional impairments at issue to have only a marginal effect, if at all, on the light occupational base.

The non-exertional impairments at issue are never climbing ladders, ropes, or scaffolds, and performing no overhead work with the upper extremities.  Record at 18.  The climbing limitation has been held to have no more than a marginal effect on the light occupational base. *E.g., Lassor v. Astrue*, 2007 WL 2021924 (D. Me. July 11, 2007), at *4; *Corley v. Commissioner of Social Sec.*, 2009 WL 426653 (E.D. Cal. Feb. 20, 2009), at *9-*10; *but see Iannopollo v. Barnhart*, 280 F.Supp.2d 41, 50-51 (W.D.N.Y. 2003) (finding of inability to climb, stoop, crouch, kneel, and crawl precluded use of Grid at sedentary exertional level).

But in this circuit, a limitation excluding overhead work with the upper extremities is another matter.  In *Candelaria v. Barnhart*, 195 Fed.Appx. 2, 2006 WL 2615162 (1st Cir. Sept. 13, 2006), the administrative law judge found that the claimant was precluded from frequent overhead reaching and that this restriction did not reduce the full range of light work.  *Id*. at **2.  Citing with approval *Mondragon v. Apfel*, 3 Fed.Appx. 912 (10th Cir. 2001), the First Circuit held that, in the absence of factual or case law support for the administrative law judge's conclusion, "an expert's opinion is required for an assessment of the significance of claimant's reaching restriction."  *Id*. at 4.  This holding requires remand in the instant case, where the administrative law judge's assumption about the preclusion of overhead reaching similarly lacks support.

The fact that the First Circuit opinion involves a preclusion of only frequent overhead reaching rather than a preclusion of all overhead reaching makes it unnecessary to address the further problem pointed out by the plaintiff, Itemized Statement at 4 & n.2, that the administrative law judge found that the plaintiff "can perform no overhead work with her upper extremities," Record at 18, but, when discussing the effect of the plaintiff's limitations on the full range of light work, stated that light work "does not require frequent overhead reaching[.]"[2] Record at 21. It suffices to note that "no overhead reaching" and "no frequent overhead reaching" are not equivalent.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case remanded for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 23rd day of March, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] At oral argument, counsel for the commissioner contended that the instant case is distinguished from the case law already mentioned because the administrative law judge found that the plaintiff could perform no overhead work, while the case law involved prohibitions only on overhead reaching. Since the administrative law judge in this case equated the two, that distinction is without merit.