UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DELENE STERN,                              )<br>)<br>　　　　Plaintiff               )<br>)<br>v.                                                )<br>)<br>MICHAEL J. ASTRUE,                   )<br>Commissioner of Social Security,  )<br>)<br>　　　　Defendant              ) | Civil No. 08-213-P-S |

### RECOMMENDED DECISION ON APPLICATION FOR ATTORNEY FEES AND EXPENSES

The plaintiff moves, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "Act"), for an award of attorney fees and costs in the amount of $4,074.38, following her successful appeal from the commissioner's denial of her application for Social Security Disability benefits. EAJA Application for Fees and Expenses ("Application") (Docket No. 23) at 1. The commissioner agrees that the plaintiff is entitled to an award of attorney fees, but contends that the plaintiff's attorneys' choice to submit a bill listing their time in increments of one-quarter hour rather than tenths of an hour impermissibly overstates the time spent on the case; that the hourly rate requested, $171.25, is slightly too high; that the hourly rate and total time charged for paralegal time are both too high; and that the total attorney hours charged are excessive, despite a non-specific "voluntary reduction" of 10 hours by the plaintiff's attorneys. Defendant's Response to Plaintiff's Application for Fees and Expenses Under the Equal Access to Justice Act ("Opposition") (Docket No. 24) at 2-6. The plaintiff responds that the commissioner's opposition should be disregarded because he does not assert that the request as

1

submitted was "exorbitant," citing *Commissioner, INS v. Jean*, 496 154, 163 (1990). Reply Memorandum re EAJA Application for Fees and Expenses ("Reply") (Docket No. 25) at 2.

I recommend that the court grant the application in a slightly reduced amount.

### I. Application of *Jean*

I reject the plaintiff's argument based on *Jean*. That opinion cannot reasonably be read to require that a trial court find a successful plaintiff's fee application under the Act to be "exorbitant," or the government agency involved so to argue, before the court may reduce the amount requested. The Supreme Court said, in relevant part:

> First, no award of fees is "automatic." Eligibility for fees is established upon meeting the four conditions set out by the statute, but a district court will always retain substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications – like any other improper position that may unreasonably protract proceedings – are matters that the district court can recognize and discount. Petitioners' fear that such requests will receive "automatic" approval is unfounded.

*Jean*, 496 U.S. at 163.[1] I will be guided, as this court has been in the past, by the principle of billing judgment; that is, I must determine "whether the plaintiff['s] counsel exercised billing judgment in submitting the fee application and whether the time charged was reasonably expended in advancing the client['s] interests. Excessive, redundant or unnecessary hours must be excluded from a fee request." *Rioux v. Barnhart*, 2002 WL 91877 (D. Me. Jan. 24, 2002), at *3 (citations and internal quotation marks omitted).

---

[1] *See also id.* n.10: "Because *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983), requires the district court to consider the relationship between the amount of the fee awarded and the results obtained, fees for fee litigation should be excluded to the extent that the applicant ultimately fails to prevail in such litigation." There is no suggestion in *Jean* that the Supreme Court was adding to the *Hensley* standard a requirement that the requested fee also be claimed to be "exorbitant" in order for a successful plaintiff not to recover under the EAJA the amount claimed.

## II. Increments of Time

This court has previously made clear, in Social Security appeal cases, that a requested award will be reduced "to the extent that the practice of billing in quarter-hour increments can be discerned to have resulted in an excessive charge[.]" *Golfieri v. Astrue*, 2007 WL 922256 (D. Me. Mar. 26, 2007), at *2; *Brown v. Astrue*, 2007 WL 1114076 (D. Me. Apr. 12, 2007), at *3.

The burden is on the EAJA fee claimant to demonstrate the reasonableness of the number of hours expended on the prevailing claim. *Golfieri*, 2007 WL 922256 at *2. The plaintiff offers no argument that the specific reductions sought by the commissioner, because of the practice of billing in quarter-hour increments, should not be made; rather, she argues only that the fee sought is reasonable by comparing it to the total amounts awarded in other Social Security fee cases in this court. Reply at 3-5. Thus, the requested reductions should be made. *Golfieri*, 2007 WL 922256 at *3. In this case, the reductions requested on this basis total 2.25 hours. Opposition at 3-4.

## III. Requested Hourly Rate

The plaintiff has requested that fees be awarded at the rate of $171.25 per hour. Application at 2. The commissioner responds that $170.00 per hour would be a more accurate rate, based on the dates when the work was actually performed and the correct Consumer Price Index used to calculate the maximum hourly rate on those dates. Opposition at 5. The plaintiff asserts that this argument "simply does not merit extended discussion under the Supreme Court's pronouncements in *Jean*[,]" and "therefore simply leaves this issue to the court's discretion." Reply at 2.

The reduction sought by the commissioner, if all of the hours sought by the plaintiff were allowed, would come to $27.38 (23.5 hours[2] (Exhibit A to Application, at [2]) times $1.25). Since the plaintiff does not challenge the commissioner's CPI calculation, a reduction of $27.38 should be made.

### IV. Paralegal Time and Hourly Rate

The commissioner contends that the total of 0.5 hours at $100 per hour charged in the statement for time spent by a paralegal is excessive because the plaintiff "has not shown that the hours or the rate sought are reasonable." Opposition at 6. The plaintiff does not respond to this argument.

The commissioner is correct that the plaintiff makes no effort to demonstrate that $100 per hour is the prevailing rate charged by lawyers in Maine for work by paralegals and is presumably correct in asserting, without counter, that the telephone call for which the paralegal charged one-quarter hour of time on October 17, 2008, took no more than five minutes. *Id.* Still, the commissioner contends that "the maximum amount of paralegal time for which EAJA should be awarded is .35 hours." *Id.* The fees requested are therefore reduced by $23.75 ($50 minus $75/hour times .35), applying an hourly rate of $75.

### V. Total Attorney Hours

The plaintiff's statement has an entry for "Total Hours" of 36.00, which then shows a "Voluntary Reduction of Hours" of 10, yielding a new total of 26.00 hours. Exh. A to Application.[3] Since this total includes the .5 hours of paralegal time included in the statement, the total attorney hours for which an award is sought would appear to be 25.50 hours. However,

---

[2] The statement submitted by the plaintiff shows a figure of 26.00 for "Total Hours" but multiplies only 23.50 hours of attorney time by the requested hourly rate of $171.25 to yield the award sought. Exh. A to Application. I use the latter figure.

[3] Adding up the entries on the statement, the total is actually 36.5.

4

the statement's "Total Due" is calculated on the basis of 23.50 attorney hours. The total reduction in attorney hours is therefore 12.5 hours (10 hours plus .5 hours plus 2 hours).

Before the reduction, the total hours billed for the time of Attorney Norris ("TNN"), who did not prepare the statement of errors and only became involved in the case, from all that appears, in order to represent the plaintiff at oral argument on March 20, 2009, was 21.50 hours. *Id.* As the commissioner points out, Opposition at 4, the oral argument, for which 1.5 hours is billed, did not take that much time. The court's recording of the argument indicates that it took place from 2:38 p.m. to 2:55 p.m. that day, a total of 17 minutes. The argument was scheduled for 2:30 p.m., and counsel had to be present at that time. Any delay was beyond counsel's control. Allowing for a reasonable time to travel between the courthouse and counsel's nearby office, the time charged for the oral argument should be closer to 45 minutes than to 1.5 hours.

That being said, I see no reason to assume that the 12.5 hours deducted from the total charged hours on the statement should not be deducted from Attorney Norris's 21.50 total hours. The commissioner does not challenge the hours charged for Attorneys Jackson and O'Brien (7.25 each) in this regard. I have already dealt with the commissioner's challenge to the hours charged by these attorneys on the basis of the quarter-hour increments used. Thus, we are dealing with 8.25 hours (9 hours less .75 hours for the oral argument) of time spent by Attorney Norris preparing for oral argument.

Of course, none of Attorney Norris's time would have been necessary if the plaintiff's attorneys had not made the decision to have a lawyer unfamiliar with the case present the oral argument rather than one of the two lawyers who had dealt with it previously. And it is certainly true that this was not a particularly difficult case. Only one issue was raised on appeal, and, as I have said, oral argument occupied only 17 minutes. The commissioner also correctly points out,

5

Opposition at 4, that, when the more experienced lawyer initially involved in this case prepares for oral argument in a Social Security case, he is likely to bill only 2.5 to 5.5 hours for the task.

The plaintiff relies on *Reyes v. Secretary of Health & Human Servs.*, 807 F. Supp. 293 (S.D.N.Y. 1992), to support the assertions that "the time reasonably required to do a good job on one's first case may well be significantly more than would be required on the one hundredth case" and charging additional attorney hours is reasonable when the attorney involved has a relative lack of experience with Social Security law. Reply at 4 & n.4. In the cited case, the court noted that the amount of time spent on the case by the attorney was "higher than average" but "not excessive in light of the fact that this case involved two sets of proceedings before the Court and in light of Plaintiff's counsel's relative lack of experience in handling such cases[.]" 807 F.Supp. at 300.

Attorney Norris's 8.25 billed hours for preparation exceeds those billed in more complex Social Security cases by the senior attorney with whom she was associated in this case, but only by a factor of approximately 2. I agree that some allowance must be made for attorneys who are not yet familiar with Social Security law to become familiar with it. It is, after all, a rather specialized area of practice. While I do not find helpful the comparison proffered by the plaintiff of total hours billed and allowed by this court in other, more complex cases with the hours billed in this case, Reply at 2-5, I do not believe that it would be an appropriate exercise of this court's discretion to hold an admittedly inexperienced attorney to the number of preparation hours needed by an attorney experienced in this subject area.

There were not "two sets of proceedings" in this case, nor was the attorney who presented the oral argument acting alone in representing the plaintiff in this case, as was the case in *Reyes*. If, as suggested in his affidavit, the plaintiff's lead counsel intends to have all future Social

Security oral arguments handled by an attorney who has no prior experience or familiarity with the case, the court may well look favorably upon an argument by the commissioner that both attorneys should not be reimbursed in full, for what can only be a duplication of effort as the second attorney familiarizes himself or herself with the facts of the case and the applicable law, for the sole purpose of presenting oral argument.

On balance, while 8.25 hours of preparation time for oral argument in a single-issue case is "above average" for Social Security appeals, I do not find the total to be so excessive that the court should grant the commissioner's request to reduce the total attorney hours billed in this case beyond the 12.5 hours voluntarily removed by counsel for the plaintiff. I recommend that the court deny the reduction sought by the commissioner in this regard.

## VI.  Conclusion

For the foregoing reasons, I recommend that the plaintiff's application for attorney fees and expenses be **GRANTED** in the amount of $3,637.94 ($4,074.38 requested minus $385.31 ($171.25 times 2.25 hours) minus $27.38 minus $23.75).

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of August, 2009.

/s/  John H. Rich III  
John H. Rich III  
United States Magistrate Judge