UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| *DELENE STERN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | *Civil No. 08-213-P-S* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*RECOMMENDED DECISION ON APPLICATIONS FOR ATTORNEY FEES*

On August 27, 2009, I recommended that the plaintiff be granted $3,637.94 in attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, slightly less than the $4,074.38 that she had requested. Recommended Decision on Application for Attorney Fees and Expenses (Docket No. 26) at 1, 2009 WL 2824751 (D. Me. Aug. 27, 2009), at *1. The plaintiff has now filed two "supplemental" applications for attorney fees. The first seeks fees for work performed in connection with the plaintiff's successful application for attorney fees incurred in the underlying application for benefits. Supplemental EAJA Application for Fees (Docket No. 27) at 1-2. The second seeks fees for work performed in connection with the first. Second Supplemental Application for Fees Pursuant to the EAJA (Docket No. 30) at 1-2. The defendant opposes both applications.

I recommend that the court grant both applications, in part as to the first and in full as to the second.

1

## I. The First Supplemental Request

The defendant's first argument is that the facts that the plaintiff "overstate[d]" her initial fee request and that he offered to stipulate to a payment of more than the amount ultimately awarded by the court (specifically, $3,700) mean that "the time spent opposing the objection to the EAJA request, which would not have been filed but for the rejection of the settlement offer, was of no more than minimal benefit to Plaintiff" and no supplemental fees should therefore be awarded. Defendant's Response to Plaintiff's Supplemental Application for Fees ("First Opposition") (Docket No. 28) at 2-3. This would be a powerful argument that the fees now sought were not "reasonably incurred," *see McDonald v. Secretary of Health & Human Servs.*, 884 F.2d 1468, 1480 (1st Cir. 1989), were it not for the responsive assertion of the plaintiff that $3,700 was *not* the defendant's final settlement offer. Reply Memorandum re Supplemental EAJA Application for Fees ("First Reply") (Docket No. 29) at 3 n.1. The defendant's final offer apparently was only $3,300, less than the amount awarded in the recommended decision. The difference may only have been $337.94, but it was more than the defendant ultimately offered.

If the defendant's argument were to be adopted by the court under these circumstances, governmental defendants in cases subject to the EAJA could routinely require successful opposing counsel to accept unreasonably low amounts in settlement of attorney-fee claims, because any rejection of any offer, even one smaller than the ultimate recovery, would bar a court award. The argument should be rejected.

The defendant next contends that the amount sought should be reduced due to the plaintiff's continued use of quarter-hour increments for time-keeping despite this court's repeated disapproval of this method. Specifically, however, he seeks a reduction in only one

entry for this reason, a telephone conference on July 23, 2009. First Opposition at 3-4. The defendant agrees to a reduction from .25 hour to .1 hour for this entry, First Reply at 5, resulting in a reduction of .15 hour.

Next, the defendant seeks a reduction in the time charged for preparation of the reply brief in the first fee proceeding for the approximate time spent developing and presenting an argument based on *Commissioner, INS v. Jean*, 496 U.S. 154, 163 (1990), which I rejected, Recommended Decision at *1, and which this court had previously rejected in *Cogswell v. Barnhart*, No. Civ. 04-171-P-S, 2005 WL 1513121 (D. Me. June 24, 2005), at *2 n.2. First Opposition at 4-5. The plaintiff responds that she did not intend the citation to *Jean* in her initial reply brief to present "a separate argument but rather . . . a part of the prefatory or introductory discussion above the discussion of the issues in the memorandum." First Reply at 5.

This recharacterization of the argument in the plaintiff's reply brief is unpersuasive, and I agree with the defendant that the time devoted to this portion of the reply brief was not "reasonably incurred." However, the amount of time that the plaintiff spent on that portion of the brief is not quantified. The defendant suggests a reduction of one-fifth, because one-fifth of the reply brief was devoted to this argument. First Opposition at 4. That would result in a reduction of .95 hour, by the defendant's reckoning. *Id*. at 5. I find that to be a reasonable reflection of the relative amount of time devoted to this argument and will make that reduction.

Next, the defendant asserts that the amount of fees awarded should be reduced because the plaintiff was unsuccessful in obtaining the full amount she sought in the initial fee litigation. *Id*. at 5-7. The difference between the amount sought ($4,074.38) and the amount awarded ($3,637.94) was $436.44, or a reduction of approximately 10.5%. In general, I decline to parse fee briefs so closely. Were there a particular issue to which a particular amount of time could be

reliably tied on which the applicant failed entirely to prevail, some reduction might well be in order, but that is not the case here.

The defendant's final argument is that the plaintiff spent an excessive amount of time preparing the supplemental application and time sheet. *Id*. at 7. He suggests that .3 hour would be more appropriate than the .5 hour that was charged. *Id*. The plaintiff responds that he will agree to reduce this entry to .3 hour. First Reply at 5.

The total reduction in requested hours is thus 1.4 hours, for a monetary reduction of $238 ($170 x 1.4). The total award should therefore be $697.00 ($935 – 238).

## II.  Second Supplemental Request

In her second supplemental application, the plaintiff seeks $901 "solely for work done after the initial application in the defense of the original fee application." Second Supplemental Application for Fees Pursuant to the EAJA (Docket No. 30) at [1]-[2]. The defendant repeats the argument made in his opposition to the first supplemental application based on his offer of settlement regarding the plaintiff's attorney fees. Defendant's Response to Plaintiff's Second Supplemental Application for Fees (Docket No. 31) at 1-4. For the reasons previously stated regarding the first supplemental request, I reject that argument here as well.

The only other argument offered by the defendant is based on the contract between the plaintiff and her attorneys. *Id*. at 3. The defendant contends that the language of this agreement "brings the fees sought for drafting and prosecuting the EAJA application outside of EAJA fees and as such, the Commissioner is not responsible for payment of those fees." *Id.* The basis for this argument is the contract's provision "that any work in preparing and prosecuting the application for EAJA fees 'is separately and exclusively compensation to the attorney' and 'shall not serve to reduce the contingent fee owed by Client to Attorney.'" *Id*.; *see also* Contingent Fee

4

Agreement for Representation Before the Court with the Law Firm of Jackson & MacNichol (Exh. C to Motion for Attorney Fees (Docket No. 23)) at 4(F).

To the extent that the defendant suggests otherwise, I am confident that counsel for the plaintiff does not seek fees to which he is not entitled[1] and that the language of his contract cannot override his statutory responsibility to return to his client the lesser of the contingent fee described in the contract (25% of total past-due benefits, *id.* at 3(c)) or the total fees to which he is entitled under the EAJA. *See, e.g., Kimball v. Shalala*, 826 F. Supp. 573, 578-79 (D. Me. 1993), and authority cited therein. The contract acknowledges this responsibility. *Id.* at 2(I). Indeed, interpreting the clause at issue in the manner apparently suggested by the defendant could subject the plaintiff's attorney to potential criminal penalties, in the absence of court approval. 42 U.S.C. § 406(b)(2). While the contract language at issue is susceptible to more than one interpretation (the explanation of its purpose notwithstanding, Second Reply at 5), it may certainly be interpreted in a manner that does not subject its author to possible criminal liability.

Because the defendant offers no other specific opposition to the second supplemental application, I recommend that the full amount sought, $901.00, be awarded.

### III. Conclusion

For the foregoing reasons, I recommend that the plaintiff's first Supplemental Application for Fees (Docket No. 27) be **GRANTED** in the amount of $697.00 and that her Second Supplemental Application for Fees (Docket No. 30) be **GRANTED** in the amount of $901.00, for a total of $1,598.00.

---

[1] The plaintiff explains this clause of the contingent fee agreement as having the "purpose . . . to help in those situations where the Department of Justice seeks to seize the attorneys fees and divert them to unrelated debts of the claimant subject to collection by the government such as child support or tax debts[.]" Reply Memorandum to the Commissioner's Opposition to the Second Supplemental Application for Fees and Expenses ("Second Reply") (Docket No. 32) at 5.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of November, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge